IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:26-cr- 61 |
| v. | 18 U.S.C. § 1920<br>False Statement or Fraud to Obtain<br>Federal Employees' Compensation<br>(Count 1) |
| ROBIN FINCH, | |
| *Defendant.* | |

## CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

### COUNT ONE

(False Statement or Fraud to Obtain Federal Employees' Compensation)

1.      From at least on or about April 23, 2023 through at least on or about October 31, 2025, in the Eastern District of Virginia, the defendant, ROBIN FINCH, did knowingly and willfully falsify, conceal, and cover up a material fact and make a false, fictitious, and fraudulent statement and representation in connection with the receipt of compensation and other benefits and payment under subchapters I and III of Chapter 81 of Title 5 of the United States Code, that is, the defendant failed to report improvements in her medical condition in order to continue to receive Federal Employees' Compensation Act benefits, in violation of Title 18, United States Code, Section 1920.

2.      ROBIN FINCH ("FINCH") resided in the Eastern District of Virginia at all times pertinent to the Criminal Information.

3.      The Federal Employees' Compensation Act ("FECA") provides for the payment of disability compensation to disabled federal employees who are injured on the job. The United

1

States Department of Labor ("DOL"), Office of Worker's Compensation Programs ("OWCP") administers major disability compensation programs which provide wage replacement benefits, medical treatment, vocational rehabilitation, and other benefits for federal government employees who become disabled during the performance of their duties.   Pursuant to Title 39, United States Code, Section 1005, all employees of the United States Postal Service ("USPS") are covered by FECA.

4.      At all times relevant, ROBIN FINCH was employed by the United States Postal Service ("USPS") as a rural carrier at the Indian Head Post Office in Indian Head, Maryland. FINCH applied for benefits from the OWCP on or about April 12, 2006, advancing a claim of on-the-job injury after being involved in a motor vehicle accident on March 10, 2006.   OWCP found FINCH eligible for benefits.   Based on her disability, she began receiving OWCP benefits on or about April 2, 2007.   OWCP's eligibility determination was based on a finding that the defendant was unable to perform any of the routine duties of her job.

5.      Individuals receiving FECA payments must report to OWCP any improvement in their medical conditions, which may result in OWCP deciding to reduce or terminate the claimant's benefits.   When her claim was accepted, FINCH was provided notice that she was expected to return to work at the USPS (including light or part-time work, if available), as soon as she was able.

6.      To determine continued eligibility for benefits, DOL requires disabled employees to complete and sign DOL OWCP Form EN 1032 ("Form 1032") every 15 months, which requires the employee to report any improvement in their medical condition, whether they were engaging in any work activities, or participating in volunteer work.

2

7.      Between April 23, 2023, and October 31, 2025, FINCH performed physical activities that were inconsistent with the physical disability that FINCH claimed to OWCP, and which reflected that her medical condition had improved.  These activities included performing strenuous yard work for hours during the day, gardening, operating a lawn mower and edge trimmer, digging holes with a shovel, carrying heavy objects, and climbing stairs.  FINCH was able to—and did—perform these activities without the use of a cane or handrail.

8.      At no time during her receipt of OWCP compensation benefits did FINCH report that her medical condition had improved.  FINCH completed Forms 1032 during this time period (wherein FINCH was observed performing the aforementioned physical activities), including on January 26, 2024, and February 10, 2025.  Additionally, in multiple Forms 1032, FINCH concealed the fact that she had been engaging in volunteer work at a food pantry, on a nearly daily basis, where she would stock supplies, drive, pick up donations, and sort and make bags for distribution.  FINCH knew that the forms she completed were inaccurate, and she submitted falsified forms to disguise her improved medical condition.

9.      FINCH, knowing that she was required to inform OWCP of the fact of both her improved medical condition and her pursuit of volunteer activities, never informed OWCP of her improved medical condition or her volunteer work.   Despite her corresponding lack of entitlement to disability benefits, FINCH continued to receive benefits from OWCP until October 2025.

10.     In addition to deliberately not informing OWCP that her medical condition had improved, FINCH actively concealed her improved condition from authorities.

11.     In furtherance of her scheme to continue to obtain OWCP disability benefits, FINCH exaggerated her functional limitations at medical evaluations.   When observed by federal agents in multiple environments from 2023 to 2025 (e.g., laundromat, Dollar General, post office,

outside of her home), FINCH walked with a normal gait and did not require an assistive device to walk. When DOL directed FINCH to attend and complete medical exams to establish her capacity for returning to work, FINCH—knowing that the reports of these physical examinations would be shared with DOL for DOL's use in determining FINCH's continued eligibility for disability benefits—would arrive at those exams using a cane and would indicate difficulty walking. FINCH's use of a cane and her summations of her physical functioning to the examining physicians were not consistent with FINCH's actual physical abilities and daily functioning. FINCH was in fact capable of performing strenuous activities, including gardening, moving large boxes and storage containers, using a lawnmower and edge trimmer, moving lawn furniture, and digging holes with a shovel.

12. FINCH also made false and misleading statements regarding her functional limitations to her own medical providers, who FINCH knew and understood were responsible for certifying to the DOL that FINCH was unable to work. FINCH reported difficulty traversing on uneven ground and stairs, and that she required the use of railings for support. FINCH's representations to her physicians were inconsistent with the physical activities FINCH was in fact capable of—and did— perform.

13. In addition to her misrepresentations to the DOL and healthcare professionals, FINCH also made material misrepresentations to federal agents who were investigating the matter of FINCH's purported physical disability. On March 5, 2025, Special Agents of the United States Postal Service Office of Inspector General interviewed FINCH in Colonial Beach, Virginia. The Special Agents noted that FINCH walked into the meeting room at a slow and careful pace with a noticeable limp. During the interview, FINCH told the agents that she had not been able to walk or put any weight on her right leg for three days, since Sunday, March 2, 2025. At the end of the

4

interview, the Special Agents informed FINCH that she had been under surveillance prior to the interview, and that the agents had observed FINCH visiting a Dollar General store. The agents asked FINCH if surveillance video from the store would show her walking without any issues. FINCH lied to the Special Agents, telling them that she was unable to walk and did not get out of her car at the Dollar General store. Surveillance video from the Dollar General shows FINCH walking normally as she entered the store, pushing a shopping cart as she walked throughout the store, and walking normally as she exited the Dollar General store carrying a shopping bag.

14.    As a result of her concealment and fraudulent statements and representations, beginning on or about April 23, 2023, and continuing through October 2025, FINCH received FECA payments totaling $111,552.00 to which she was not entitled, all in violation of Title 18, United States Code, Section 1920.

Respectfully submitted,

Todd W. Blanche
Acting Attorney General

Date: ___10/4/2024___          By: _____
                                   James E. C. Leffler
                                   Special Assistant United States Attorney

                               By: _____
                                   Thomas A. Garnett
                                   Assistant United States Attorney

5